UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **META PLATFORMS, INC.,**<br>Plaintiff,<br>v.<br>**OCTOPUS DATA, INC.,**<br>Defendant. | Case No. 4:22-cv-03921-YGR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 19 |

Plaintiff Meta Platforms, Inc. commenced this lawsuit against defendant Octopus Data, Inc. on July 5, 2022. (Dkt. No. 1.) Pending before the Court is plaintiff's motion for an order authorizing alternative service upon the California Secretary of State and/or through email on defendant's registered agent, Chief Executive Officer, and Chief Financial Officer. Having carefully considered the motion and the record portraying plaintiff's diligent and exacting efforts to effect service, and for the reasons set forth below, the motion is **GRANTED**.[1]

Since commencing this lawsuit, the record shows that plaintiff has attempted to serve the defendant no less than twenty-eight times at three separate addresses associated with the defendant.

First, based upon the information identified on the registration with the California Secretary of State, plaintiff attempted to deliver the summons and complaint on Yusheng Li at 14404 Desales Street, Chino, CA 91710. The affidavit of diligence indicates that the address appears to be a residential house and that no less than fifteen attempts were made.

Second, no less than six efforts were made to serve the defendant at its registered principal place of business, 3333 S. Brea Canyon Road, Diamond Bar, CA 91765, by leaving a copy of the

---

[1] Defendant's deadline to oppose the pending motion was September 14, 2022 and no opposition was filed. Thus, the motion is ripe for consideration. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that the motion is appropriate for decision without oral argument and **VACATES** the hearing set for October 11, 2022.

complaint and summons with a competent person apparently in charge. The record shows that the building has consistently been closed despite some noise within the building.

Third, through an independent investigation, plaintiff identified an additional residential address for Ting Li, defendant's registered Chief Financial Officer. Affidavits of diligence show that plaintiff attempted to effect service at this address no less than seven times without success and confirmed that other mail identified at the address was made out to Ting Li.

Fourth, plaintiff attempted to serve defendant via Federal Express by mailing the relevant documents to defendant's principal place of business and registered agent at the addresses identified on the registration with the California Secretary of State. The record shows that the package could not be delivered to the principal place of business because, consistent with the affidavits of diligence, the business was closed. Defendant also failed to return a written acknowledgment of receipt of summons to deem service complete.

Finally, as represented by plaintiff, Yusheng Li and Ting Li registered their emails with plaintiff in order to use plaintiff's platform. Plaintiff then emailed all relevant documents to these respective emails with a request to waive service and received no bounce backs or error messages, confirming that the emails were at least valid. No responses to these emails were received.

As noted by plaintiff's motion, a party may be authorized to serve the California Secretary of State by hand where it is shown by affidavit that an agent cannot be served with reasonable diligence. *See* Cal. Corp. Code § 1702(a); *Johnson v. Umbarger LLC*, No. 20-CV-06542-LHK, 2021 WL 292192 (N.D. Cal. Jan. 28, 2021). Plaintiff has made the appropriate showing of reasonable diligence by affidavit. For the reasons set forth above, it is apparent that plaintiff has been diligent in its efforts to serve under California Code of Civil Procedure sections 415.10 (personal service), 415.20(a) (substituted service), 415.30(a) (service by mail), and 416.10(a)-(b) (serving corporation). All efforts have been futile to date. Thus, the motion for an order to serve process on the defendant via the California Secretary of State is **GRANTED**. Plaintiff must complete service on the California Secretary of State consistent with California Corporations Code section 1702.

Additionally, plaintiff asks to serve the defendant's registered agent, Chief Executive

Officer, and Chief Financial Officer by email at jinqiliu2015@icloud.com and tingli39@hotmail.com. As this Court has previously found, consistent with California law, email on domestic defendants is permissible where it is reasonably calculated to give actual notice to the party to be served. *See, e.g.*, *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012). Here, the emails identified are the emails used to register with plaintiff's platform. Plaintiff also verified that no bounce-backs were received. The Court finds that service to these verified email addresses is reasonably calculated to give actual notice to defendant of this case. Thus, the motion to serve by email is **GRANTED**.

In light of the foregoing, plaintiff shall complete service no later than fourteen (14) days from the date of this order and shall file the relevant proofs of service with the Court without delay.

This Order terminates Docket Number 19.

**IT IS SO ORDERED.**

Dated: September 19, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**