Alex Reese (State Bar No. 280530)
areese@fbm.com
Michelle Kao (State Bar No. 322758)
mkao@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant Octopus Data, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OCTOPUS DATA, INC.,<br><br>Defendant. | Case No. 22-cv-03921-YGR<br><br>**DEFENDANT OCTOPUS DATA, INC.'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>The Hon. Yvonne Gonzalez Rogers<br><br>Hearing Date: February 14, 2023<br>Hearing Time: 2:00 p.m.<br><br>Complaint Filed: July 5, 2022 |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS -
Case No. 22-cv-03921-YGR

42699\15202323.1

# NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 14, 2023, at 2:00 p.m. in Courtroom 1—4th Floor of the Oakland Courthouse for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, the Honorable Yvonne Gonzalez Rogers presiding, Defendant Octopus Data, Inc. ("Octopus Data") will and hereby does, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Court for an order to dismiss Plaintiff Meta Platforms, Inc.'s ("Meta's") second cause of action for unjust enrichment with prejudice. Dismissal under Rule 12(b)(6) is appropriate because Meta has failed to state a claim on which relief can be granted.

This motion is based on this Notice of Motion and Partial Motion to Dismiss ("Motion to Dismiss"), the accompanying Memorandum of Law in Support, all pleadings, exhibits and papers on file in this action and any other matters properly before the Court.

WHEREFORE, Octopus Data respectfully requests that the Motion to Dismiss be granted.

Dated: December 14, 2022          FARELLA BRAUN + MARTEL LLP

By:  /s/ *Alex Reese*
     Alex Reese

Attorneys for Defendant Octopus Data, Inc.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS -
Case No. 22-cv-03921-YGR

2

42699\15202323.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), Octopus Data brings this Motion to Dismiss the second cause of action for unjust enrichment in Meta's Complaint ("Complaint") for failure to state a claim on which relief can be granted.[1]  There is no standalone cause of action for unjust enrichment under California law.  For this reason, the unjust enrichment claim of the Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6).

## II.  STATEMENT OF RELEVANT FACTS

Meta alleges an unjust enrichment cause of action against Octopus Data.  Compl. ¶¶ 64-69.  As the basis for its unjust enrichment claim, Meta alleges that Octopus Data "used Meta's services, platforms, and computer networks to, among other things, scrape data from Facebook and Instagram in violation of Meta's and Instagram's Terms."  Compl. ¶ 66.

However, the unjust enrichment claim is not legally viable.

## III.  LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Dismissal under Rule 12(b)(6) is appropriate "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that

---

[1]  Octopus Data reserves the right to respond to the other claims and allegations in the Complaint pending resolution of this Motion to Dismiss. *See, e.g.*, *Reddy v. Nuance Commc'ns, Inc.*, No. 11-CV-05632-PSG, 2012 WL 12818726, at *1 (N.D. Cal. Mar. 26, 2012) ("By filing even a partial Rule 12(b) motion, [defendant]'s time to answer or otherwise respond to the complaint is extended."); *Palantir Techs., Inc. v. Palantir.net, Inc.*, No. C 10-04283 CRB, 2011 WL 62411, at *2 (N.D. Cal. Jan. 7, 2011) ("[W]hen a party moves to dismiss certain claims, but does not answer or move to dismiss others, the party has not admitted the allegations in the other claims."); *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1024 n.12 (N.D. Cal. 2018) (finding that defendant "expressly reserved his right to answer the remaining claims upon resolution of his motion to dismiss").

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS -
Case No. 22-cv-03921-YGR

42699\15202323.1

1  the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
2  While courts "accept factual allegations in the complaint as true and construe the pleadings in the
3  light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519
4  F.3d 1025, 1031 (9th Cir. 2008), courts do not "accept as true allegations that are merely
5  conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec.*
6  *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

7  **IV.    ARGUMENT**

8           Here, Meta alleges a separate cause of action for unjust enrichment against Octopus Data.
9  Compl. ¶¶ 64-69.  However, this claim must fail under Rule 12(b)(6) because "California does not
10 recognize a separate cause of action for unjust enrichment."  *Klein v. Facebook, Inc.*, 580 F. Supp.
11 3d 743, 829 (N.D. Cal. 2022) (quotations and citations omitted).  Indeed, "California law is clear:
12 'Unjust enrichment is not a cause of action.'"  *De Havilland v. FX Networks, LLC*, 21 Cal. App.
13 5th 845, 870 (2018) (quoting *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011)).  Thus,
14 "courts have consistently dismissed stand-alone claims for unjust enrichment."  *Brodsky v. Apple*
15 *Inc.*, 445 F. Supp. 3d 110, 132 (N.D. Cal. 2020) (collecting California and federal cases); *see also*
16 *Hooked Media Grp., Inc. v. Apple Inc.*, 55 Cal. App. 5th 323, 336 (2020) ("[S]ummary
17 adjudication of [an unjust enrichment] claim was proper because California does not recognize a
18 cause of action for unjust enrichment.").  Meta's claim for unjust enrichment should therefore be
19 dismissed.

20          Further, Meta's standalone claim for unjust enrichment should be dismissed with
21 prejudice.  In the Ninth Circuit, leave to amend should generally be denied if allowing amendment
22 would (i) unduly prejudice the opposing party; (ii) cause undue delay; (iii) be futile; or (iv) if the
23 moving party has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532
24 (9th Cir. 2008).  Given that unjust enrichment is not a cognizable claim in California, courts in this
25 district have dismissed those claims with prejudice because amendment would be futile.  *See*
26 *Abuelhawa v. Santa Clara Univ.*, 529 F. Supp. 3d 1059, 1072 (N.D. Cal. 2021) ("[B]ecause
27 amendment would be futile under California law, the Court dismisses Plaintiff's unjust enrichment
28 claim with prejudice.").  Thus, Meta's unjust enrichment cause of action should similarly be

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS -
Case No. 22-cv-03921-YGR

2

42699\15202323.1

1  dismissed with prejudice because amendment would be futile.

2  **V.   CONCLUSION**

3        For the foregoing reasons, Meta has failed to state a claim with respect to its standalone

4  unjust enrichment claim.  Accordingly, the Octopus Data respectfully requests that the Court grant

5  this Motion to Dismiss and dismiss the cause of action for unjust enrichment under Rule 12(b)(6)

6  with prejudice.

7

8  Dated:  December 14, 2022            FARELLA BRAUN + MARTEL LLP

9

10                                     By:     /s/ *Alex Reese*
                                            Alex Reese

11

12                                    Attorneys for Defendant Octopus Data, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS -
Case No. 22-cv-03921-YGR            3            42699\15202323.1