KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
MICHAEL GERVAIS (330731)
mgervais@susmangodfrey.com
LEAR JIANG (338600)
ljiang@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

CHANLER LANGHAM (*Pro Hac Vice*)
clangham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas  77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Attorneys for Plaintiff
META PLATFORMS INC.

ALEX REESE (280530)
areese@fbm.com
MICHELLE KAO (322758)
mkao@fbm.com
FARELLA BRAUN+MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
OCTOPUS DATA, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OCTOPUS DATA, INC.,<br><br>Defendant. | Case No. 22-CV-03921-YGR<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING PERMANENT INJUNCTION AND DISMISSAL** |

Plaintiff Meta Platforms, Inc. ("Meta" or "Plaintiff") and Defendant Octopus Data, Inc. ("Octopus" or "Defendant"), by and through their respective counsel, hereby stipulate to the entry of a permanent injunction and order as follows:

WHEREAS, Defendant was incorporated in California in 2015, is headquartered in Diamond Bar, California, and has officers including at least Yusheng Li, Ting Li, and George Yang ("Defendant's Officers");

WHEREAS, Meta is headquartered in California and owns and operates the Facebook and Instagram social media platforms;

WHEREAS, on January 4, 2023, Meta filed its first amended complaint against Defendant in the United States District Court for the Northern District of California captioned *Meta Platforms, Inc. v. Octopus Data, Inc.*, Case No. 22-cv-03921-YGR (the "Action"), alleging claims for breach of contract and violations of the Digital Millennium Copyright Act;

WHEREAS, Meta alleges that, since at least 2015, Defendant has illegally and in violation of the Facebook Terms of Service and Instagram Terms of Use (collectively, the "Terms") collected data through automated means (also known as "scraping") from Meta's Facebook and Instagram platforms without Meta's permission, including by using customers' self-compromised Facebook or Instagram accounts to access and scrape Facebook and Instagram; and has operated the website octoparse.com, where it sells, promotes, and distributes its scraping software (the "Scraping Software"), its scraping services, and software, script(s), and code designed to circumvent Meta's technological measures that control access to data on Facebook and Instagram;

WHEREAS, Meta alleges that Defendant sold and distributed its Scraping Software to customers; and also provided a scraping service whereby Defendant would directly scrape data from websites on behalf of its customers (the "Scraping Service");

WHEREAS, Defendant contends that it did not create or develop the Scraping Software used to scrape Facebook or Instagram, and that it licenses the Scraping Software through a licensing agreement with a third party named Shenzhen Vision Information Technology Co., Ltd., also known as Shenzhen Skieer Information Technology Co. Ltd. ("Skieer"), whose founder and CEO, according to publicly available information, is Liu Baoqiang, also known as Keven Liu ("Liu");

1   WHEREAS, Defendant stipulates that Yusheng Li, Ting Li, and George Yang are officers and directors of the Defendant;

WHEREAS, the parties understand that the injunction below extends to enjoined conduct by Defendant in active concert or participation with Skieer;

WHEREAS, Meta contends that it has suffered an irreparable injury;

NOW, THEREFORE, the parties stipulate and agree as follows:

### STIPULATION AND PERMANENT INJUNCTION

IT IS HEREBY STIPULATED AND AGREED by Meta and Defendant that:

1.  Defendant and all other individuals who are described in Federal Rule of Civil Procedure 65(d)(2), including Defendant's officers, agents, servants, employees, and attorneys; and all other persons who are in active concert or participation with Defendant or Defendant's officers, agents, servants, employees, and attorneys, including but not limited to Yusheng Li, Ting Li, and George Yang (collectively, the "Prohibited Parties") are immediately ordered and enjoined as follows:

    a.  The Prohibited Parties are immediately enjoined from accessing, attempting to access, and using, whether directly or indirectly through a third party, intermediary, or proxy, the Facebook and Instagram platforms on Defendant's behalf for any reason without Meta's express written permission.  For the sake of clarity, this would not prevent any agent, servant, future employee, or attorney of Defendant from maintaining a Facebook or Instagram account exclusively for personal use.

    b.  The Prohibited Parties are immediately enjoined from engaging in or assisting others in data collection (also known as "scraping" and "data harvesting") from Facebook or Instagram in any way, on Defendant's behalf, whether directly or indirectly through a third party, intermediary, or proxy without Meta's express written permission.

    c.  The Prohibited Parties are immediately enjoined from using, licensing, buying, developing, manufacturing, selling, offering for sale, or distributing, or directing, aiding, or conspiring with others to use, develop, manufacture, sell, promote, distribute, or offer to the public, any service, software, script(s), or code for data collection from the Facebook or Instagram

platforms, without Meta's express written permission. For the sake of clarity, this would not prevent Defendant from continuing to use, license, buy, develop, manufacture, sell, offer for sale, or distribute the Scraping Software, provided that it only sells, distributes, and/or uses the Scraping Software without the functionality to scrape data from Facebook and Instagram or any other Meta product.

        d.      The Prohibited Parties are immediately enjoined from using, licensing, buying, developing, manufacturing, selling, offering for sale, distributing, or directing, aiding, or conspiring with others to use, develop, manufacture, sell, promote, distribute, or offer to the public, any service, software, script(s), or code designed to circumvent Meta's technological measures that control access to data on Facebook or Instagram, whether directly or indirectly through a third party, intermediary, or proxy. For the sake of clarity, this would not prevent Defendant from continuing to use, license, buy, develop, manufacture, sell, offer for sale, or distribute the Scraping Software, provided that it only sells, distributes, and/or uses the Scraping Software without the functionality to scrape data from Facebook and Instagram.

        e.      The Prohibited Parties are immediately enjoined from using, distributing, selling, analyzing, or otherwise accessing any data that Defendant has collected from Facebook or Instagram without Meta's express written permission, whether directly or indirectly through a third party, intermediary, or proxy.

        f.      The Prohibited Parties are required to delete any and all data collected from Meta on Defendant's behalf, including but not limited to user credentials, access tokens, or any other information collected, as well as any copies of those data.

        g.      The Prohibited Parties are immediately enjoined from using, developing, selling, distributing, promoting, or offering to the public, any instructions, tutorials or information, in any form, related to scraping Meta's platforms or circumventing Meta's technological measures that control access to data on Facebook or Instagram, whether directly or indirectly through a third party, intermediary, or proxy. For the avoidance of doubt, the Prohibited Parties are immediately required to cease any reference to the enjoined conduct or scraping data from Facebook, Instagram, or any other Meta platform on octoparse.com, LinkedIn, YouTube, or any other website or

STIPULATION AND [PROPOSED] ORDER REGARDING PERMANENT INJUNCTION AND DISMISSAL
Case No. 22-cv-03921-YGR

platform, including but not limited to the removal or modification of the websites as discussed in Exhibit 1.

2.      This injunction extends to the enjoined conduct by Defendant in active concert or participation with Skieer.

3.      Defendant shall notify all Prohibited Parties, all current officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with all such individuals, of the existence of this Permanent Injunction and provide a copy of this Permanent Injunction to each of them no later than five (5) business days after the entry of this Order. Defendant shall make reasonable efforts to notify any future officers, agents, servants, and employees of the existence of the Permanent Injunction. Defendant further agrees to notify Skieer and its officers and directors of the existence of this Injunction and provide a copy of this Injunction no later than five (5) business days after the entry of this Order. Defendant agrees to provide Meta proof of such notice to Skieer and its officers and directors no later than five (5) business days after the entry of this Order.

4.      The Court will retain continuing jurisdiction to enforce the terms of this Permanent Injunction and to address other matters arising out of or regarding this Permanent Injunction, including any allegations that the parties have failed to comply with their obligations as set forth in this Permanent Injunction, and the parties agree to submit to the Court's jurisdiction for those purposes.

5.      The rights and obligations under this Permanent Injunction shall benefit, and be binding upon, each of the parties and their respective affiliates, predecessors, successors, assigns, and any entity owned or controlled by Defendant's officers, including Yusheng Li, Ting Li, and George Yang.

### DISMISSAL

Plaintiff's claims against Defendant are hereby dismissed with prejudice, except the Court retains jurisdiction to enforce this Stipulated Permanent Injunction and Dismissal. Each party bears its own fees and costs.

Dated: May 30, 2023

KALPANA SRINIVASAN
CHANLER LANGHAM
OLEG ELKHUNOVICH
MICHAEL GERVAIS
LEAR JIANG
SUSMAN GODFREY L.L.P.

By: /s/ *Chanler Langham*
   Chanler Langham

Attorneys for Plaintiff
META PLATFORMS, INC.

Dated: May 30, 2023

FARELLA BRAUN + MARTEL LLP

/s/ *Alex Reese*
   Alex Reese

Attorneys for Defendant
OCTOPUS DATA, INC.

## ATTESTATION

I hereby attest that I have obtained the concurrence of all other signatories in the filing of this document.

Dated: May 30, 2023

CHANLER LANGHAM
SUSMAN GODFREY L.L.P.

By: */s/ Chanler Langham*
   Chanler Langham

Attorneys for Plaintiff
META PLATFORMS, INC.

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2023

_____
Honorable Yvonne G. Rogers
United States District Judge

# EXHIBIT 1

## Websites Octopus Data, Inc. Must Remove

1. https://pre.octoparse.com/tutorial/extract-facebook-data
2. http://pre.octoparse.com/tutorial-7/scrape-data-from-instagram
3. https://www.octoparse.com/blog/5-things-you-need-to-know-before-scraping-data-from-facebook?qu=
4. https://pre.octoparse.com/tutorial/facebook-scraping-case-study-scraping-group-members-information
5. https://pre.octoparse.com/tutorial/facebook-scraping-case-study-scraping-facebook-groups
6. https://pre.octoparse.com/tutorial/scrape-emails-from-facebook-pages

## Websites Octopus Data, Inc. Must Remove Any Reference to Facebook or Instagram

1. https://www.octoparse.com/blog/a-revolutionary-web-scraping-software-to-boost-your-business
2. https://www.octoparse.com/tutorial/web-scraping-scraping-websites-that-required-login-with-octoparse
3. https://www.octoparse.com/tutorial/scrape-websites-that-require-login